**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ROBERT BENTLEY MARLOW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:16-CV-01088-JPG-DGW |
| | ) | |
| VANCE E. SAWYER, | ) | |
| | ) | |
| Defendant. | ) | |

## HIPAA QUALIFIED PROTECTIVE ORDER

This matter is before the Court on the Motion for HIPAA Qualified Protective Order filed by Defendant Vance E. Sawyer (Doc. 14).  The motion is **GRANTED**.

**NOW THEREFORE, THE COURT HEREBY ORDERS AS FOLLOWS:**

(1) The current parties (and their attorneys) and any future parties (and their attorneys) to the above-captioned matter are hereby authorized to receive, subpoena, and transmit "protected health information" (also referred to herein as "PHI") pertaining to Robert Bentley Marlow, to the extent and subject to the conditions outlined herein.

(2) For the purposes of this Qualified Protective Order, "PHI" or "protected health information" shall have the same scope and definition as set forth in 45 CFR 160.103 and 164.501.  Without limiting the generality of the foregoing, "PHI" includes, but is not limited to, health information, including demographic information, relating to either, (a) the past, present, or future physical condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

(3) All "covered entities" (as defined by 45 CFR 160.103) are hereby authorized to disclose PHI pertaining to Robert Bentley Marlow to all attorneys now of record in this matter or who may become of record in the future of this litigation.

(4) The parties and their attorneys shall be permitted to use the PHI of Robert Bentley Marlow in any manner that is reasonably connected with the above-captioned litigation. This includes, but is not limited to, disclosure to the parties, their attorneys of record, the attorneys' firm (i.e., attorneys, support staff, agents, and consultants), the parties' insurers, experts, consultants, court personnel, court reporters, copy services, trial consultants, jurors, venire members, and other entities involved in the litigation process.

(5) At the conclusion of the litigation as to any Defendant (which shall be defined as the point at which final orders disposing of the entire case as to any Defendant have been entered, or the time at which all trial and appellate proceedings have been exhausted as to any Defendant), that Defendant and any person or entity in possession of PHI received from that Defendant pursuant to Paragraph 4 of this Order shall destroy any and all copies of PHI pertaining to Robert Bentley Marlow except: (1) the Defendant that is no longer in the litigation may retain PHI generated by him/her/it; and (2) the remaining Defendants in the litigation, and persons or entities receiving PHI from those Defendants pursuant to paragraph 4 of this Order, may retain PHI in their possession.

(6) This Order shall not control or limit the use of protected health information pertaining to Robert Bentley Marlow that comes into the possession of any party or any party's attorney from a source other than a "covered entity" (as that term is defined in 45 CFR 160.103).

**DATED: March 21, 2017**

*(signature: Donald Wilkerson)*

**DONALD G. WILKERSON**
**United States Magistrate Judge**