IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BENTLY MARLOW, )
)
    Plaintiff, )
)
v. )          Case No. 3:16-cv-1088-JPG-DGW
)
VANCE E. SAWYER, )
)
    Defendants. )

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion to Extend Discovery (Doc. 24) and Motion to Re-Examine Defendant, for Sanctions, and to compel (Doc. 26) filed by Plaintiff. Both motions are **DENIED** in all respects except for Plaintiff's requests for sanctions which shall be left to the discretion of the District Court.

Plaintiff and Defendant were involved in a car accident on September 28, 2014. Plaintiff then filed a complaint on September 27, 2016 alleging that Defendant was negligent in the operation of his vehicle and seeking both compensatory and punitive damages. Discovery commenced and Plaintiff began seeking information from persons who did not witness the accident but who are related to Defendant in some manner. For example, Plaintiff sought discovery form Defendant's insurer and from the insurance adjuster, from Defendant's ex-girlfriend, and from Defendant's parents. Plaintiff appears to be operating under a theory that these individuals discussed the accident with Defendant and are somehow colluding to diminish Plaintiff's ability to recover compensation for the accident. In particular, Plaintiff appears to believe that Defendant made statements against his interest and was attempting to obscure the events that occurred on or around the accident.

On February 6, 2017, a Scheduling Order was entered setting for a discovery deadline of August 8, 2017 (Doc 11). Four months later, Plaintiff contacted chambers and indicated that there was a discovery dispute regarding the assertion of insured/insurer privilege in response to discovery requests. In a subsequent Order, dated July 24, 2017, this Court sustained objections based on the privilege and Plaintiff was directed to file a motion to reopen Defendant's deposition (Doc. 20). After another discovery dispute conference, this Court also quashed the depositions of Alexa Chamberlain (Defendant's supposed ex-girlfriend) and Marcia Nobel-Scoville (a State Farm claims representative) (Doc. 22).[1] It should be noted that there is no claim in this lawsuit regarding State Farm or its handling of the insurance claim.

Plaintiff now seeks to extend the discovery deadline and conduct additional discovery. In his first motion, he sought a 60 day extension of the discovery deadline in order to acquire Defendant's phone records (which he requested at Defendant's June 2, 2017 deposition and in a July 22, 2017 request to produce), to acquire an expert, and to depose John Foster, a State Farm Insurance Agent (Doc. 24). In his second motion, Plaintiff sought to re-depose Defendant,

---

[1] In addition to filing these motions, Plaintiff sent e-mails to the Court's law clerk and defense counsel. The first was a lengthy email sent on August 9, 2017 in which Plaintiff requested that the discovery deadline be extended and arguing that the insured/insurer privilege does not apply, as set forth in this Court's previous rulings. In response, Plaintiff was informed that his email would be "disregarded . . . to the extent that [he] seek[s] an extension of the discovery deadline and/or legal advice." Plaintiff was directed to file motions with the Clerk of Court or, if he was seeking a discovery dispute conference, to e-mail the disputed discovery requests to chambers. No such discovery material was sent to chambers and no further discovery dispute conference was set. Plaintiff then sent two emails, on August 21, 2017 and August 23, 2017, containing courtesy copies of the two motions that were filed (Defendant also sent a courtesy copy of his response on August 22, 2017 to the first motion). Plaintiff, and Defendant, explained that they had not been filed as of the date and time of the email. In response, the law clerk acknowledged receipt of the emails but indicated that it was unnecessary to send such emails. Finally, on October 24, 2017, Plaintiff sent an email seeking a status on the pending motions. No response to this email was sent.

depose Seth Moorman (Defendant's friend), depose Foster, compel Defendant to supplement discovery responses, and sanctions (Doc. 26).

A decision to reopen discovery and compel additional discovery responses or depositions is reviewed for an abuse of discretion. *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015). "That discretion is considerable: case management depends on enforceable deadlines, and discovery 'must have an end point.'" *Id.* (quoting *Stevo v. Frasor*, 662 F.3d 880, 886 (7th Cir. 2011)). The discovery deadline in this matter was August 8, 2017 (Doc. 155). Federal Rule of Civil Procedure 6(b)(1)(B) provides that when a motion for extension of time is filed after a deadline expires, the time may be extended upon a showing of "excusable neglect." In order to show excusable neglect, Plaintiff "must demonstrate genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline, in addition to whatever lack of prejudice and absence of delay he can show." *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014); *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (Excusable neglect can extend to situations where "the delay is caused by inadvertence, mistake or carelessness." (quotation marks and citation omitted)). In considering whether Plaintiff has made such a showing, the Court should weigh the equities and may consider prejudice to the opposing party, the length of delay and how it will affect Court proceedings, the reason for the delay, and whether Plaintiff has acted in good faith. *Satkar Hospitality, Inc.*, 767 F.3d at 707. In addition, Rule 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." Good cause is measured by a parties' diligence in securing discovery. *See Trustmark Ins. Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005) (discussing good cause in the context of amending pleadings).

Plaintiff has not met his burden. The crux of Plaintiff's motions is that Defendant failed to provide his phone records or supplement discovery. At Defendant's deposition, on June 2, 2017, Plaintiff requested Defendant's phone records for the hours preceding and following the accident. Defendant did not provide the records until August 21, 2017, after Plaintiff made the request in a formal request to produce. An informal request to produce, made during a deposition, is not a recognized manner of seeking documents under the Federal Rules. *See Lindholm v. BMW of North America, LLC*, 2016 WL 1643832, * 4 (D.S.D 2016) (collecting cases); *Patel ex rel. R.P. v. Menard, Inc.*, 2011 WL 5024991, * 3 (S.D.Ind. 2011); *Studio & Partners, s.r.l. v. KI*, 2007 WL 896065, *1 (E.D.Wis. 2007). While Defendant was certainly aware of the specific documents requested and perhaps should have provided the documents in a faster manner, Plaintiff was not diligent in seeking the documents. Once it became apparent that the phone records were required, Plaintiff should have formally and promptly sought the documents through Rule 34 (of which he is familiar) in light of the August 8, 2017 deadline. Once Defendant did not produce the document within a couple of weeks of the deposition, Plaintiff should have sought the Court's assistance. Indeed, Plaintiff could have raised this issue and sought a ruling at both the June 20 and the July 25 conferences. Plaintiff appears to be aware of and well-versed in the Rules of Civil Procedure and this Court's method of resolving discovery disputes; therefore, he had the opportunity and the means to raise the issue with the Court prior to the close of discovery. The failure to do so was not the result of confusion regarding discovery rules.

In light of this conclusion, Plaintiff's current request to re-depose Defendant, Seth Moorman, and John Foster is denied. Plaintiff has not indicated what relevant evidence Mr. Moorman or Mr. Foster will provide. Neither was present at the accident. Their testimony appears to be along the same vein as Chamberlain and Noble-Scoville. Such testimony would

either be irrelevant, hearsay, or governed by privilege. At this late stage of the proceedings reopening discovery for these depositions would not be proportional to the needs of this case, which is a simple tort matter. As to re-opening Defendant's deposition, Plaintiff will have the opportunity to (re-)exam him at trial. Thus, there can be no prejudice to Plaintiff. Additionally, Plaintiff was required to disclose his expert by June 2, 2017. Such a deadline meant that he should have acquired an expert prior to receiving Defendant's expert disclosure. This accident occurred in September, 2014 and it is unreasonable for Plaintiff to have waited until July, 2017 to go about securing an expert witness.

Finally, Plaintiff indicates that Defendant failed to supplement discovery requests, namely interrogatories 6, 7, 11, 15, and 16 related to conversations Plaintiff had with anyone regarding the accident. Plaintiff states that Defendant failed to disclose two, 1-minute phone calls to his mother and one extended phone call to Mr. Moorman. At his deposition, Defendant stated that he did not recall making phone calls "before or after [he] departed the scene" (Doc. 26, p. 31). Plaintiff contends that Defendant could have and should have obtained his telephone records prior to Plaintiff's deposition and should have supplemented his answers accordingly. First, Plaintiff only formally requested the phone records on July 22, 2017, which was a request served with insufficient time to answer prior to the discovery deadline. Defendant had no obligation prior to that request to search for or produce documents that are not a type of pretrial disclosure, that they do not intend to use at trial, or that are not the subject of a formal, and proper, discovery request. Plaintiff indicated that he did not recall making phone calls; that records now reveal that he did make phones calls is evidence Plaintiff may be able to use at trial as permitted by the Trial Judge.

In sum, the Court finds Plaintiff's requests for additional discovery to be untimely, to seek evidence that appears irrelevant to this lawsuit, that would unnecessarily delay these proceedings

and multiply the costs of this relatively simple lawsuit, and that would interject theories and arguments that do not appear to have any relevance to the ultimate issues in this case, that is, the parties' negligence and damages that would flow therefrom. While Plaintiff's attempt to be patient with Defendant is commendable, he should have and could have raised these issues with the Court prior to the discovery deadline. He had ample opportunity to conduct both written discovery and to conduct depositions. Defendant can only be prejudiced by delaying this matter further. To the extent that the Court has not addressed all of Plaintiff's arguments, they are hereby found to be without merit. Of course, nothing in this Order would prevent Plaintiff for presenting any evidence, impeachment or otherwise, during trial as permitted by the Trial Judge and the Federal Rules. As indicated above, the issue of sanctions will be left to the sound discretion of the District Court.

**DATED: November 20, 2017**

        **DONALD G. WILKERSON**
        **United States Magistrate Judge**