IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BENTLEY MARLOW,

    Plaintiff,

v.

VANCE E. SAWYER,

    Defendant.

Case No. 16-cv-1088-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Robert Bentley Marlow's motion for sanctions against defendant Vance E. Sawyer and Sawyer's attorneys Michael Schroer and Justin Zimmerman (Doc. 26). He believes Sawyer and his defense team should be sanctioned because they failed to disclose certain individuals as witnesses and certain telephone and banking records in a timely manner, failed to supplement interrogatory responses in a timely manner, and impeded the plaintiff from deposing Sawyer.

When a party fails to provide information or identify a witness, that party is not allowed to use the information or witness at trial unless the failure is harmless or substantially justified. Fed. R. Civ. P. 37(c)(1). Additional sanctions may also be ordered, including paying the reasonable expenses caused by the failure, Fed. R. Civ. P. 37(c)(1)(A), or informing the jury of the party's failure, Fed. R. Civ. P. 37(c)(1)(B). If a party's motion to compel is granted, the Court must, with some exceptions, require the party whose conduct necessitated the motion to pay the reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A). The Court may sanction any person who impedes, delays or frustrates the fair examination of a deponent. Fed. R. Civ. P. 30(d)(2).

Sanctions are not warranted under Rule 37(c)(1) because the failure to timely identify or

disclose was harmless.  As explained in Magistrate Judge Donald G. Wilkerson's November 20, 2017, order (Doc. 44), the documentation was produced in plenty of time for Marlow to use it at trial and the witnesses identified late did not witness the accident and are not likely to be able to offer evidence relevant to the ultimate issues in this case.

Sanctions are not warranted under Rule 37(a)(5)(A) because Magistrate Judge Wilkerson did not grant Marlow's motion to compel.

Sanctions are not warranted under Rule 30(d)(2) because Sawyer's attorneys did not impede, delay or frustrate Marlow's deposition of Sawyer.  Marlow has not pointed to any specific objectionable instance, and after a quick review of the deposition transcript attached to Marlow's motion, the Court has not identified any conduct that improperly impeded, delayed or frustrated the deposition.  In fact, it appears that the vast majority of defense counsel's objections were reasonable considering the questions asked and were not out of the mainstream of deposition objections.

For these reasons, the Court **DENIES** Marlow's motion for sanctions (Doc. 26).

**IT IS SO ORDERED.**
**DATED:  November 28, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**