IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BENTLEY MARLOW,

    Plaintiff,

  v.

VANCE E. SAWYER,

    Defendant.

Case No. 16-cv-1088-JPG-DGW

## **MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Robert Bentley Marlow's offer of proof and memorandum of law as to punitive damages (Doc. 59). The Court has reviewed the submission and finds that Marlow shall be allowed to present the issue of punitive damages to the jury in the trial of the remaining issues in this case on January 22, 2018, but that his submission shall be limited to the relevant evidence as discussed below.

Marlow filed this personal injury and property damage suit against defendant Vance Sawyer alleging negligence and willful and wanton conduct related to an auto accident that occurred on September 28, 2014, on Interstate 24 in Johnson County, Illinois. *See* Final Pretrial Order at 1 (Doc. 55). When the accident occurred, Marlow was asleep in the passenger seat of his 1992 GMC Sierra pickup truck, which was being driven by his friend Allen Moser at the time. Final Pretrial Order at 2 (Doc. 55). Sawyer had been drinking alcohol before the accident and admits that the accident was his fault. *Id.* Since Sawyer has admitted liability, only the issue of damages is set to be tried to a jury on January 22, 2018.

In the November 21, 2017, Final Pretrial Conference, the question arose whether Marlow had sufficient evidence to present the issue of punitive damages to the jury. It appeared that his evidentiary basis for requesting punitive damages primarily involved Sawyer's post-accident

conduct to evade responsibility for the accident rather than willful and wanton conduct leading to the accident. However, before making a decision whether to allow Marlow to present the question of punitive damages to the jury, the Court ordered Marlow to submit an offer of proof and caselaw to support such a claim. The Court now considers that offer of proof.

All parties agree that Illinois law governs this case heard under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a); *Erie v. Tompkins,* 304 U.S. 64, 78 (1938). Under Illinois law:

> Punitive damages "are not awarded as compensation, but serve instead to punish the offender and to deter that party and others from committing similar acts of wrongdoing in the future." *Loitz v. Remington Arms Co.,* 138 Ill.2d 404, 414, 150 Ill. Dec. 510, 563 N.E.2d 397 (1990). Punitive damages may be awarded when the defendant's tortious conduct evinces a high degree of moral culpability, that is, when the tort is "committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others." *Kelsay v. Motorola, Inc.,* 74 Ill.2d 172, 186, 23 Ill. Dec. 559, 384 N.E.2d 353 (1978). . . . Because punitive damages are penal in nature, they "are not favored in the law, and the courts must take caution to see that punitive damages are not improperly or unwisely awarded." *Kelsay,* 74 Ill.2d at 188, 23 Ill. Dec. 559, 384 N.E.2d 353.

*Slovinski v. Elliot*, 927 N.E.2d 1221, 1224-25 (Ill. 2010); *accord Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812-13 (7th Cir. 2017). The Court may refuse to submit the issue of punitive damages to a jury where the evidence, when considered in the light most favorable to plaintiff, establishes no legally sufficient basis for a reasonable jury to find punitive damages are warranted under the applicable standards. *See Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 503, 511 (7th Cir. 1997).

Marlow relies on Sawyer's alleged willful and wanton conduct to justify his request for punitive damages. Illinois courts view willful and wanton conduct as "a hybrid between acts considered to be negligent and intentional acts." *Stojkovich v. Monadnock Bldg.*, 666 N.E.2d

2

704, 712 (Ill. App. Ct. 1996). Accordingly, punitive damages may be awarded in cases involving "reckless indifference to the rights of others, or conduct that approaches the degree of moral blame attached to intentional harm, where a defendant inflicts a highly unreasonable risk of harm on another in conscious disregard of that risk." *Parker*, 845 F.3d at 813 (internal quotation marks and citations omitted).

In his offer of proof of evidence to support punitive damages, Marlow points to the severity of the accident, Sawyer's intoxication and level of impairment at the time of the accident, and Sawyer's guilty plea to reckless driving. He also points to Sawyer's post-accident conduct to avoid responsibility for the accident: offers to pay Moser not to report the accident, fleeing the scene of the accident, hitting Marlow with his side mirror as he fled the scene, hiding the vehicle he was driving, not calling law enforcement to the scene, and attempts to conceal his identity.

The Court finds there is sufficient evidence from which a reasonable jury could conclude that Sawyer behaved with wanton or reckless indifference to the rights of others in causing the automobile accident on September 28, 2014, and in hitting Marlow while fleeing the scene. Such evidence includes the severity of the accident, Sawyer's intoxication and level of impairment at the time of the accident, his guilty plea to reckless driving, and the circumstances leading directly to his hitting Marlow with his side mirror. These pieces of evidence would tend to show what Sawyer was doing that caused the accident and the striking of Marlow, and whether he was acting with reckless indifference to the rights of others at those times. Other evidence cited by Marlow, however, is irrelevant to those questions. That irrelevant evidence includes post-accident conduct to escape responsibility, except to the extent it is relevant to Sawyer's alleged hitting Marlow with his side mirror. Even if true, while reprehensible, that conduct did not cause the accident or Marlow's injuries. Nor does evidence of that conduct tend to make it more or less probable that

Sawyer acted recklessly prior to his injury-causing conduct.

For these reasons, the Court **ORDERS** that Marlow shall be allowed to present the issue of punitive damages to the jury but that evidence regarding Sawyer's post-accident conduct in an effort to escape liability, except to the extent it is relevant to Sawyer's hitting Marlow with his side mirror, shall not be presented or admitted (unless Sawyer opens the door) because it is irrelevant under Federal Rule of Evidence 401.

**IT IS SO ORDERED.**
**DATED:   January 16, 2018**

                                              s/ J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**