IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BENTLEY MARLOW,

    Plaintiff,

v.

VANCE E. SAWYER,

    Defendant.

Case No. 16-CV-1088-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on the *pro se* motion of plaintiff Robert Bentley Marlow to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or, in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A) (Doc. 92). Defendant Vance E. Sawyer has responded to the motion (Doc. 94). The Court also considers the parties' respective requests for costs and objections thereto (Docs. 81-83, 86-89 & 93).

**I.    Background**

Appearing *pro se*, Marlow filed this personal injury and property damage lawsuit against Sawyer alleging negligence and willful and wanton conduct related to an auto accident that occurred on September 28, 2014, on Interstate 24 in Johnson County, Illinois. *See* Final Pretrial Order at 1 (Doc. 55). When the accident occurred, Marlow was asleep in the passenger seat of his 1992 GMC Sierra pickup truck, which was being driven by his friend Allen Moser at the time. *Id.* at 2. Sawyer had been drinking alcohol before the accident and admitted that the accident was his fault. *Id.* Therefore, only the issues for trial were whether Sawyer's conduct was willful and wanton and the amount of damages.

This case was tried to a jury on January 22 and 23, 2018. The Court allowed Marlow to present relevant evidence of punitive damages to the jury. However, it disallowed certain

evidence of Sawyer's post-accident conduct to avoid responsibility for the accident, finding that such conduct was not relevant to whether Sawyer was acting with reckless indifference at the time he caused the accident (Doc. 61). On January 23, 2018, the jury rendered a verdict in favor of Marlow in the amount of $30,000 in compensatory damages and $10,000 in punitive damages. Written judgment was entered the following day, January 24, 2018.

## II. Motion to Alter or Amend Judgment

On February 26, 2018, Marlow filed the pending motion to alter or amend the punitive damages component of the verdict pursuant to Rule 59(e). In his motion, he makes three arguments. First, he argues that the Court erred in barring evidence of some of Sawyer's post-accident conduct to avoid responsibility for the accident. Second, he believes the defense improperly argued Marlow's financial condition to the jury when income and wage loss were not in issue. Third, he asks the Court to increase the amount of punitive damages because the amount awarded by the jury is insufficient to serve the purpose of punishing Sawyer in light of his reprehensible post-accident conduct the jury was not able to consider.

The Court cannot consider Marlow's requests under Rule 59(e) because he filed his motion too late. A motion to alter or amend a judgment under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Court cannot extend this deadline. Fed. R. Civ. P. 6(b)(2). Marlow's 28-day period began to run the day judgment was entered on the docket sheet—January 24, 2018—and ended on February 21, 2018, 5 days before his motion was received and docketed by the Clerk's Office. He is not entitled to extend the 28 days by 3 extra days for service under Rule 6(d) because the 28-day period begins on *entry* of judgment, not on its service. *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("We . . . conclude that Rule 6(d) . . . does not extend the deadline for Rule 59(e) motions.").

2

Nor is he entitled to the benefit of the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 276 (1988), where his motion might be deemed filed the day he placed it in the mail; the mailbox rule applies only to incarcerated people. *See Clowdis v. Silverman*, 666 F. App'x 267, 271 n.3 (4th Cir. 2016); *Kareem v. FDIC*, 482 F. App'x 594, 595 (D.C. Cir. 2012).[1]

Marlow's delay, however, is not fatal to his motion. Any motion for reconsideration filed after the 28-day deadline should be considered under Federal Rule of Civil Procedure 60(b) rather than 59(e). *Williams*, 737 F.3d at 475. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Gonzalez v. Crosby*, 545 U. S. 524, 535 (2005); *McCormick v. City of Chi.*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief. *See Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995). It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000); *Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table). Rather, it is a

---

[1] Marlow emailed his motion to a member of chambers staff as well as opposing counsel on February 21, 2018, the last day he could have filed a Rule 59(e) motion. However, an email to a judge's staff member is not an appropriate means of filing a document. The only acceptable means of filing a document is by "delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 5(d)(2). Marlow used neither of these methods on February 21, 2018, so his email to a chambers staff member did not constitute filing.

collateral attack on a judgment, and the grounds for that attack must be something other than an argument that could have been used to obtain reversal on direct appeal. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009).

Marlow has not presented any exceptional circumstances that justify reconsideration of the judgment in this case. He presents only arguments he has already made to the Court and that he could have made on direct appeal (had he filed a timely notice of appeal) to try to convince the Court of Appeals to reverse the judgment. Such arguments do not justify relief under Rule 60(b).

### III. Alternative Motion for a New Trial

As an alternative to altering or amending the judgment under Rule 59(e), Marlow asks the Court for a new trial pursuant to Rule 59(a)(1)(A). However, like a Rule 59(e) motion, a motion for a new trial "must be filed no later than 28 days after the entry of judgment," Fed. R. Civ. P. 59(b), and again, the Court cannot extend that deadline, Fed. R. Civ. P. 6(b)(2). Thus, for the reasons set forth above with respect to Rule 59(e), Marlow's motion for a new trial is also untimely. The Court will therefore deny it.

### IV. Costs

Each party seeks an award of costs for this litigation. Costs allowed to be taxed are set forth in 28 U.S.C. § 1920, and, unless mandated by another authority, the Court has discretion to decide whether an award of costs is appropriate, *Chesemore v. Fenkell*, 829 F.3d 803, 816 (7th Cir. 2016). Ordinarily costs are awarded as a matter of course to the prevailing party. Fed. R. Civ. P. 54(d)(1); *Krocka v. City of Chi.*, 203 F.3d 507, 518 (7th Cir. 2000) (noting presumption that prevailing party is entitled to costs). However, Federal Rule of Civil Procedure 68 provides an exception to the general rule. Under that rule, at least 14 days before the trial date, a

4

defendant may offer to allow judgment to be taken against him on specified terms—usually, for a specified amount—with the costs accrued up to that time. Fed. R. Civ. P. 68(a). The plaintiff may accept the offer in writing, and the judgement will enter after the offer and notice of acceptance are filed. *Id.* If the plaintiff does not accept the offer within 14 days of service, the offer is considered withdrawn. Fed. R. Civ. P. 68(b). If a plaintiff who declines an offer of judgment ultimately goes on to obtain a judgment "not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d). The primary purpose of Rule 68 is to encourage settlement and to avoid protracted litigation by prompting both parties to evaluate the risks and costs of litigation and then to balance them against the likelihood of success at trial. *Marek v. Chesny*, 473 U.S. 1, 5 (1985).

In this case, Marlow is the prevailing party because, as noted above, the jury rendered a verdict in his favor in the total amount of $40,000. However, since judgment was entered, Sawyer has informed the Court that he had made an offer of judgment in the amount of $50,000, which was proposed to cover all sums sought by Marlow, including pre-offer costs. Sawyer served the offer on Marlow on September 22, 2017, 73 days before the December 4, 2017, trial date set at that time. Marlow did not accept the offer, and it naturally expired under the terms of the rule on October 6, 2017.

Marlow argues, with no citation to relevant supporting caselaw, that Rule 68 does not apply. First, he argues that Rule 68 had no effect because there were motions pending at the time of the offer which had not been ruled on at the time the offer expired. He argues it was unreasonable to expect him to accept an offer of judgment while there were outstanding discovery and sanctions questions. This objection has no merit. Neither Rule 68 nor any other authority exempts a case from Rule 68's ambit while motions are pending. Rule 68 is intended

5

to force parties to weigh the benefits and risks—including the risks posed by pending motions—before deciding whether to resolve the case short of trial.

Marlow also objects on the grounds that he would have been prejudiced by accepting the offer of judgment because he then would not have had a chance to examine Sawyer at trial, a prospect Magistrate Judge Wilkerson used to justify not allowing Sawyer's deposition to be reopened. This objection has no merit. Rule 68 does not concern itself with prejudice but simply sets forth incentives to resolve a case prior to trial.

Marlow argues that Sawyer's offer of judgment is null because Sawyer later offered a larger sum to settle the case outside the parameters of Rule 68, showing that his offer of judgment did not really include punitive damages as it stated it did. This objection has no merit. The offer of judgment was a legitimate offer to settle the case in full consistent with Rule 68 at the time the offer was made, and its legitimacy was not affected by Sawyer's shifting valuation of the case as it progressed.

Marlow also argues that the $40,000 judgment after trial was more favorable than the $50,000 offer of judgment because the offer did not acknowledge liability or provide Marlow with an opportunity to make public Sawyer's "morally repugnant conduct." While having his day in court might have had intangible value to Marlow, a comparison of the offer and the actual judgment is what matters. The actual judgment of $40,000—with no other relief awarded—is less than the offer of $50,000. This triggers the cost-shifting provision of Rule 68(d).

In sum, Sawyer made a valid Rule 68 offer of judgment in the amount of $50,000, and the judgment rendered by the jury in the amount of $40,000 was not more favorable than that offer. Thus, Rule 68's cost-shifting provision takes effect, and Marlow must be taxed Sawyer's costs incurred after October 6, 2017, the day the offer expired. The Court now turns to the

substance of the parties' respective bills of costs.

A.  Marlow's Bill of Costs

Marlow has submitted a bill of costs in the total amount of $20,233.49 (Docs. 83 & 86). In support, he has submitted a sworn itemization of the costs he claims but has not submitted receipts or other documentation supporting the amounts claimed. His itemization includes amounts for Clerk fees, deposition transcript fees, witness fees, document copy fees, postage fees, and his own travel fees for depositions, a medical exam, meeting with Sawyer's counsel, service of subpoenas, and court appearances.

Sawyer objects to Marlow's bill of costs on the grounds that Marlow has provided no supporting documentation of his costs as instructed on the Court's bill of costs form (Form AO-133, available at http://www.uscourts.gov/forms/other-forms/bill-costs-district-court). He also objects to specific items listed as not authorized by 28 U.S.C. § 1920: (1) Marlow's own travel fees ($5,459.67), (2) witness fees for days the witnesses did not testify at trial (Michael DiFiore, Allen Moser, Craig Hennie), and (3) an expert fee for witness not disclosed in discovery or allowed to testify as an expert (Craig Hennie).

As noted above, costs allowed to be taxed are set forth in 28 U.S.C. § 1920. The Court may not tax items not listed in that statute unless allowed by another statute or authority. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 445 (1987); *Friedrich v. City of Chi.*, 888 F.2d 511, 515-16 (7th Cir. 1989) (noting examples of where costs are shifted outside the limits of § 1920). Before costs can be taxed, the bill of costs must be verified by an affidavit that each item claimed "is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

<u>Plaintiff's Travel Fees</u>:  Plaintiff's travel fees are not listed in § 1920 or arguably included in any listed category and will therefore be disallowed.

<u>Witness Fees</u>:  Witness fees are listed in § 1920.  These fees include the fees set forth in 28 U.S.C. § 1821:

- An attendance fee for depositions and trial of $40 per day for each day in attendance plus time necessarily occupied in going to and returning from the place of attendance.  28 U.S.C. § 1821(b).  "[A] federal court may tax expert witness fees in excess of the . . . limit set out in § 1821(b) only when the witness is court-appointed."  *Crawford Fitting Co.*, 482 U.S. at 442; *but see Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 850 (7th Cir. 2012) (noting an exception in Federal Rule of Civil Procedure 26(b)(4)(E) for reasonable fees paid to an expert for time spent responding to discovery);

- Costs for a common carrier, mileage and tolls for transportation to and from the attendance.  28 U.S.C. § 1821(c).  The mileage rate in January 2018, the time of trial, was $0.545/mile per mile.  5 U.S.C. § 5704; General Services Administration, Privately Owned Vehicle (POV) Mileage Reimbursement Rates, https://www.gsa.gov/travel/plan-book/transportation-airfare-rates-pov-rates-etc/privately-owned-vehicle-pov-mileage-reimbursement-rates (visited Mar. 16, 2018); and

- A lodging and subsistence allowance for a witness who spends the night because he is too far from his home to return at night.  28 U.S.C. § 1821(d).  The rates for Benton, Illinois, in January 2018 were up to $93.00/day for lodging and $51.00/day for meals and incidental expenses.  5 U.S.C. § 5702(a); General Services Administration, FY 2018 Per Diem Rates for Illinois, https://www.gsa.gov/travel/plan-book/per-diem-rates (search for Benton, Illinois; visited Mar. 16, 2018).  Lodging claims must be supported by receipts

and are only reimbursable to the amount actually incurred.

Even if Hennie had been disclosed and recognized as an expert witness, Marlow's request for an expert fee of $10,000 for Craig Hennie is excessive and will be reduced to the daily fee set forth in § 1821(b) applicable to all witnesses, whether they be experts or not.

Marlow's bill of costs does not indicate why multiple daily fees for witnesses who testified only one day are reasonable. It is possible that the fees are reasonable for travel days, for attendance for potential rebuttal testimony, or for some other reason, but Marlow has not offered any legitimate reason why attendance beyond the day of their testimony was necessary.

He also does not indicate what comprises the "Deposition Witness Fees" claimed in the amount of $176.05, and does not provide appropriate documentation to support the request.

<u>Other Fees</u>:

Marlow's request for Clerk fees is supported by evidence in the record that he paid the $400 filing fee to commence this case.

Marlow's request for "Deposition Transcript Fees" in the amount of $1,292.72 does not indicate what comprises those fees and is not supported by appropriate documentation.

The Court is satisfied that the amount of fees claimed for copies ($329.51 and $3.30) and postage ($141.28 and &7.70) are reasonable in light of similar fees claimed by Sawyer in his bill of costs.

In sum, the Court will not award the amount Marlow claims for his travel fees or for the expert fee above the daily fee set forth in § 1821(b). The remaining portions of the bill of costs have not been verified or supported by appropriate documentation and/or require further justification to show they are reasonable. The Court will give Marlow an opportunity to remedy those deficiencies before making a final cost award in his favor. The Court notes that it will not

add Marlow's further costs for supplementing his bill of costs to any cost award; those costs were Marlow's fault for not properly supporting his bill of costs in the first place and should not be borne by Sawyer. The Court will also not consider any additional items beyond those included on Marlow's original bill of costs.

B.    <u>Sawyer's Bill of Costs</u>

Sawyer has submitted a bill of costs for costs incurred from October 7, 2018, in the total amount of $4,922.50 (Doc. 82). His itemization and documentation include amounts for printing fees, witness fees (James Doll) and statutory docket fees, and are supported by counsel's declaration as required by 28 U.S.C. § 1924 that the costs are correct and were necessarily incurred and performed in this case.

Marlow does not object to the individual items Sawyer claims as costs. However, for the same reasons the Court reduced the witness fee for Dr. Hennie, it will also reduce the witness fee for Dr. Doll to the daily fee of $40 plus travel costs as allowed by § 1821. Those travel costs amount to approximately $125.35 for round-trip travel between the address for Dr. Doll's office shown on his invoice and the courthouse in Benton, Illinois (115 miles x 2 x $0.545/mile). The total amount for witness fees will therefore be reduced to $165.35.

The Court finds Sawyer's request for printing fees ($503.50) and for docket fees under 28 U.S.C. § 1923 ($20.00) are reasonable and properly verified.

Accordingly, the Court will grant Sawyer's motion to tax costs pursuant to Rule 68(d) (Doc. 81) and will tax costs in the amount of $687.85 against Marlow.

**V.**    **Conclusion**

For the foregoing reasons, the Court:

- **DENIES** Marlow's to alter or amend the judgment pursuant to Rule 59(e), which the Court construes as a motion to vacate the judgement under Rule 60(b) (Doc. 92);

- **DENIES** Marlow's alternative motion for a new trial pursuant to Rule 59(a)(1)(A) (Doc. 92);

- **GRANTS** Sawyer's motion to tax costs pursuant to Rule 68(d) (Doc. 81);

- **DIRECTS** the Clerk of Court to tax costs against Marlow in the amount of $687.85; and

- **RESERVES RULING** on Marlow's bill of costs (Docs. 83 & 86). Marlow shall have up to and including April 20, 2018, to supplement his current bill of costs with the verification and supporting documentation as explained above. Sawyer shall have seven days to respond to Marlow's supplemental filing.

**DATED: March 22, 2018**
**IT IS SO ORDERED.**

                s/ J. Phil Gilbert
                **J. PHIL GILBERT**
                **DISTRICT JUDGE**